UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
MANUEL CARDENAS,

                         Plaintiff,                        CIVIL ACTION NO.

                -against-

KAT REALTY GROUP, LTD. and ATHANASIOS SIDERIS,      COMPLAINT

                        Defendants.
-------------------------------------------------------------------------------X

Plaintiff Manuel Cardenas ("Plaintiff"), by his attorneys, Katz Melinger PLLC, complaining of the defendants Kat Realty Group, Ltd. ("Kat") and Athanasios Sideris ("Sideris") (collectively, "Defendants"), respectfully alleges as follows:

## I.      Nature of Action, Jurisdiction, and Venue

1.      This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (the "FLSA"), and the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL").

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3.      This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and

Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II.      Parties

5.      Plaintiff is an individual residing in the State of New York.

6.      At all relevant times, Plaintiff was employed by Defendants.

7.      While employed with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

8.      Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

9.      Defendant Kat is a domestic corporation with its principal place of business located at 38-08 Bell Boulevard, Suite #5, Bayside, New York 11361.

10.     Upon information and belief, Kat owns and manages numerous apartment buildings in the New York metropolitan area.

11.     Kat owns and manages two (2) buildings located at 108-28 38th Avenue, Flushing, New York 11368 (the "Buildings"), each of which contains sixteen (16) residential units.

12.     Defendant Sideris is an individual residing, upon information and belief, in the State of New York.

13.     At all relevant times, Sideris was and still is an officer, director, shareholder, and/or person in control of Kat, who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

14.     At all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities and for supervising his performance.

15.     At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

16.     At all relevant times, Defendants were responsible for compensating Plaintiff.

17.     At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

18.     Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiff.

19.     Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

20.     Defendants operate in interstate commerce.

21.     Defendants are subject to suit under the statutes alleged above.

### III.     Factual Allegations

22.     Plaintiff worked for Defendants as a porter from in or around June 1, 2015 until on or around March 22, 2020.

23.     As a porter, Plaintiff's job duties included mopping, sweeping, taking out the garbage, and performing other general maintenance for the Buildings.

24.     Throughout his employment, Plaintiff typically worked seven (7) days per week from approximately 5:30 a.m. until around 7:20 a.m., and then again from between approximately 6:00 p.m. to 7:00 p.m. until between approximately 9:00 p.m. to 10:00 p.m., for an average of approximately 33.83 hours worked per week.

25.     Throughout his employment, Plaintiff was not afforded any meal or rest breaks.

26.     Defendants neither tracked the hours Plaintiff worked nor required Plaintiff to record his time.

27.     While employed with Defendants, Plaintiff was a non-exempt employee pursuant to the FLSA and the NYLL and was entitled to be paid the minimum wage for all hours worked.

28.     From on or around June 1, 2015 until on or around December 31, 2018, Plaintiff was compensated at a rate of $700.00 per month.

29.     From on or around January 1, 2019 until on or around March 22, 2020, Plaintiff was compensated at a rate of $800.00 per month.

30.     Throughout Plaintiff's employment, Defendants did not pay Plaintiff wages; instead, Defendants provided Plaintiff with a credit in the amount of his monthly compensation against the rent Plaintiff owed to Kat for residing in an apartment in the Buildings.

31.     Defendants also failed to furnish to Plaintiff a payroll notice at the time of his hire, or at any time thereafter, containing Plaintiff's rate of pay, the designated payday, or other information required by NYLL § 195(1).

32.     Defendants further failed to furnish to Plaintiff statements listing Plaintiff's regular rates of pay and the number of regular hours worked, or any other information required by NYLL § 195(3).

33.     Defendants violated federal and state law by willfully failing to pay Plaintiff the minimum wage compensation owed to him and by failing to provide Plaintiff with the required payroll and wage notices.

**AS AND FOR A FIRST CAUSE OF ACTION**
*(Minimum Wage Violations Under the FLSA)*

34.     Plaintiff repeats and realleges all prior allegations set forth above.

35.     Pursuant to the applicable provisions of the FLSA, Plaintiff was entitled to receive at least the minimum wage for all hours worked per week.

36.     Plaintiff regularly worked an average of approximately 33.83 hours per week during his employment with Defendants.

37.     At a rate of $700.00 per month, Defendants paid Plaintiff approximately $4.78 per hour for all hours Plaintiff worked between on or around June 1, 2015 and on or around December 31, 2018.

38.     At a rate of $800.00 per month, Defendants paid Plaintiff approximately $5.46 per hour for all hours Plaintiff worked between on or around January 1, 2019 and the termination of Plaintiff's employment.

39.     Therefore, throughout Plaintiff's employment, Defendants knowingly failed to pay Plaintiff at least the minimum hourly wage for all hours Plaintiff worked each week.

40.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

41.     As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent (100%) of all wages due ("liquidated damages").

42.     Judgment should be entered in favor of Plaintiff and against Defendants on the First Cause of Action in the amount of Plaintiff's unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION**
*(Minimum Wage Violations Under the NYLL)*

43.     Plaintiff repeats and realleges all prior allegations set forth above.

44.     Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to receive at least the minimum wage for all hours worked per week.

45.     Plaintiff regularly worked an average of approximately 33.83 hours per week during his employment with Defendants.

46.     At a rate of $700.00 per month, Defendants paid Plaintiff approximately $4.78 per hour for all hours Plaintiff worked between on or around June 1, 2015 and on or around December 31, 2018.

47.     At a rate of $800.00 per month, Defendants paid Plaintiff approximately $5.46 per hour for all hours Plaintiff worked between on or around January 1, 2019 and the termination of Plaintiff's employment.

48.     Therefore, throughout Plaintiff's employment, Defendants knowingly failed to pay Plaintiff at least the minimum hourly wage for all hours Plaintiff worked each week.

49.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

50.     As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

51.     Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION
*(Failure to Timely Pay Wages Under the NYLL)*

52.     Plaintiff repeats and realleges all prior allegations set forth above.

53.     Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff was entitled to be paid his earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

54.     Defendants routinely failed to pay Plaintiff all of his earned wages in accordance with the agreed-upon terms of employment.

55.     Defendants failed to timely pay Plaintiff all his earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

56.     Defendants failed to pay Plaintiff all wages earned by Plaintiff, including minimum wages, in violation of NYLL § 191(1)(a)(i).

57.     As a result of Defendant' violations of the law and failure to pay Plaintiff in accordance with NYLL § 191(1)(a)(i), Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with reasonable attorneys' fees, interest, and costs.

58.     As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

59.     Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action for all wages due, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FOURTH CAUSE OF ACTION
*(Failure to Provide Payroll Notices Under the NYLL)*

60.     Plaintiff repeats and realleges all prior allegations set forth above.

61.     Defendants failed to furnish to Plaintiff, at the time of hire or at any time thereafter, a notice containing his rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; and other information required by NYLL § 195(1).

62.     As Defendants failed to provide Plaintiff with payroll notices as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees and costs.

63.      Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the form of liquidated damages amounting to $50.00 per day in which the violation occurred, up to maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

### AS AND FOR A FIFTH CAUSE OF ACTION
*(Failure to Provide Wage Statements Under the NYLL)*

64.     Plaintiff repeats and realleges all prior allegations set forth above.

65.     Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: his regular rates of pay and basis thereof; the number of regular hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

66.     As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees and costs.

67.     Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the form of liquidated damages amounting to $250.00 per day for every day in which the violation occurred, up to maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**WHEREFORE** Plaintiff prays for relief as follows:

a) on the First Cause of Action for all minimum wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all minimum wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for liquidated damages in the amount of $250.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees in an amount to be determined by this Court;

f) interest;

g) costs and disbursements; and

h) such other and further relief as is just and proper.

Dated: New York, New York
June 18, 2020

*/s/ Katherine Morales*
Katherine Morales
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
(212) 460-0047
kymorales@katzmelinger.com
*Attorneys for Plaintiff*